IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00943-NYW

ELIDE FIRE USA, LLC, a New York Corporation,

    Plaintiff,

v.

AUTO FIRE GUARD, LLC, a Colorado limited liability company,
GRANT VAN DER JAGT, and
DOES 1-10, inclusive,

    Defendants.

## ORDER

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Defendant's Motion to Strike the First Amended Complaint (the "Motion" or "Motion to Strike") [#34, filed August 11, 2021]. This court considers the Motion pursuant to 28 U.S.C. § 636(c) and the Order of Reference dated July 30, 2021. [#29].[1]

---

[1] This court has obtained consent to magistrate judge jurisdiction for all purposes from Plaintiff Elide Fire USA, LLC and Defendant Auto Fire Guard, LLC. *See* [#25]. However, because Defendant Grant Van Der Jagt was added as a Defendant after the Consent/Nonconsent Form was filed, *see* [#25; #30], and has not yet appeared in this case, he has not consented to magistrate judge jurisdiction. *See* D.C.COLO.LCivR 72.2(f) (requiring that newly added or newly served parties be given opportunity to consent to magistrate-judge jurisdiction). The court nevertheless finds that it has authority to rule on this motion. "The Tenth Circuit Court of Appeals has not explicitly stated whether a ruling on a motion to strike under Fed. R. Civ. P. 12(f) is dispositive." *Chung v. Lamb*, No. 14-cv-03244-WYD-KLM, 2016 WL 11548167, at *1 n.2 (D. Colo. Aug. 30, 2016). However, courts in this District have concluded that "when the Rule 12(f) motion to strike is not dispositive of any party's claims or defenses, the Magistrate Judge retains authority to enter an order disposing of the motion." *Id.*; *see also Menapace v. Alaska Nat'l Ins. Co.*, No. 20-cv-00053-REB-STV, 2021 WL 2012324, at *1 n.1 (D. Colo. May 20, 2021); *cf. Ramos v. Hertz Corp.*, No. 17-cv-02576-CMA-NRN, 2018 WL 4635972, at *3 (D. Colo. Sept. 26, 2018) (denying motion to strike affirmative defenses in an order where the plaintiff sought "a definitive dispositive ruling that [the defendant] necessarily insured the subject vehicle"). Because the resolution of this Motion to Strike is not dispositive of any claim, defense, or party in this action, this court has

After carefully considering the Parties' briefing, the applicable case law, and the entire docket, I respectfully **DENY** the Motion to Strike.

## BACKGROUND

Plaintiff Elide Fire USA, LLC ("Plaintiff") initiated this action in the United States District Court for the District of Colorado on April 5, 2021. *See generally* [#2]. According to Plaintiff, Auto Fire Guard, LLC ("AFG") infringed upon Plaintiff's patent, United States Patent No. 6,796,382. [*Id.*]. The case was directly assigned to the undersigned. [#5]. On June 1, 2021, Plaintiff moved for a clerk's entry of default against AFG, *see* [#10], and default was entered that same day. [#11]. On June 2, 2021, defense counsel entered a special entry of appearance to contest the entry of default on the basis that AFG had not been properly served. *See* [#12]. On June 30, 2021, this court held a status conference at which the Parties discussed the status of service on AFG. [#20].[2] Defense counsel indicated that he was not authorized to accept service on behalf of AFG nor authorized to waive service on its behalf. [*Id.*]. The court directed the Parties to confer on the issue of service and set a deadline for a motion seeking alternative service for July 9, 2021. [*Id.*]. On July 8, 2021, the Parties stipulated to vacatur of the Clerk's entry of default, [#21], and the entry of default was vacated. [#22]. Plaintiff and AFG consented to magistrate judge jurisdiction on July 29, 2021. [#25].

---

authority to enter an order disposing of the Motion to Strike, notwithstanding the lack of consent from Defendant Grant Van Der Jagt.

[2] The June 30, 2021 Status Conference was the second Status Conference set in this matter. On June 7, 2021, this court set a Status Conference for June 15, 2021 due to the Parties' failure to file the Consent/Nonconsent Form by the court-ordered deadline. *See* [#13]. After Plaintiff failed to appear at the Status Conference, *see* [#15], the court issued an Order to Show Cause as to why this court should not recommend dismissal of this case for failure to prosecute and for failure to comply with a court order. [#14]. After Plaintiff responded to the Order to Show Cause, [#17], the court discharged the Order to Show Cause and set the June 30 Status Conference. [#18].

2

On August 3, 2021, Plaintiff filed Plaintiff's First Amended Complaint Against Defendants for Patent Infringement; Unfair Competition; and Colorado Consumer Protection Act C.R.S. § 6-1-101, *Et Seq*. (the "Amended Complaint") as a matter of right pursuant to Rule 15 of the Federal Rules of Civil Procedure.[3] *See* [#30]. In so doing, Plaintiff added Grant Van Der Jagt ("Mr. Van Der Jagt"), who Plaintiff alleges is "an officer and director of defendant AFG," as a defendant in this matter. [*Id.* at ¶ 12]. In addition, Plaintiff added claims of false advertising under the Lanham Act, 15 U.S.C. § 1125, and the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101, *et seq.*, against both Defendants. [*Id.* at 8-11]. AFG filed the instant Motion on August 11, 2021, seeking to Strike the Amended Complaint pursuant to Rule 12(f). [#34]. The same day, Plaintiff filed a Response in opposition, [#35], and AFG filed a Reply on August 13, 2021. [#36]. Being fully advised in the premises, I consider the Parties' arguments below.

**LEGAL STANDARD**

Rule 12(f) of the Federal Rules of Civil Procedure permits a district court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *United States v. Smuggler-Durant Mining Corp.*, 823 F. Supp. 873, 875 (D. Colo. 1993). However, motions to strike under Rule 12(f) are disfavored. *United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo. 1985) (citing 5 Wright & Miller, Federal Practice and Procedure § 1380, at 783 (1969)); *see also Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc*., 173 F.R.D. 275, 285 (D. Colo. 1997) (describing Rule 12(f) motions

---

[3] Rule 15 provides that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). AFG filed a motion to dismiss on July 22, 2021. [#23]. Thus, Plaintiff's Amended Complaint was timely filed as a matter of course pursuant to Rule 15.

3

as a "generally-disfavored, drastic remedy"). Motions to strike are usually only granted when the allegations in the complaint have no bearing on the controversy and the movant can show that it has been prejudiced. *Sierra Club v. Young Life Campaign, Inc.*, 176 F. Supp. 2d 1070, 1086 (D. Colo. 2001). Indeed, "[e]ven where the challenged allegations fall within the categories set forth in the rule, a party must usually make a showing of prejudice before the court will grant a motion to strike." *Id.* at 1085.

## ANALYSIS

In its Motion to Strike, AFG asserts two bases for striking Plaintiff's Amended Complaint under Rule 12(f): first, AFG argues that "two of the newly asserted causes of action [in the Amended Complaint] have already essentially been asserted against Defendant and newly named Defendant Grant Van Der Jagt in a separate lawsuit before this Court, 1:21-cv-01362-[CMA-]NRN, and thus the [Amended Complaint] is redundant," *see* [#34 at 1]; second, AFG argues that the Amended Complaint should be stricken due to Plaintiff's failure to comply with this District's Local Rules of Practice. [*Id.* at 3]. The court addresses these arguments in turn.

***Redundancy of Claims***. "Redundant matters consist of allegations that constitute a needless repetition of other averments or which are wholly foreign to the issue to be decided." *Johnson v. Pinnacle Credit Servs., LLC*, No. 15-cv-00663-WYD-NYW, 2015 WL 6700599, at *2 (D. Colo. Sept. 14, 2015), *report and recommendation adopted*, 2015 WL 6689573 (D. Colo. Nov. 3, 2015). AFG asserts that the Amended Complaint is redundant, and should therefore be stricken, because "the alleged misconduct of the defendants identified in the [Amended Complaint] is identical to that alleged in" Civil Action No. 21-cv-01362-CMA-NRN, a case currently pending in this District. [#34 at 2-3]. According to AFG, "Plaintiff is seeking relief for the same conduct in two lawsuits in this Court, thereby wasting judicial resources, unreasonably and vexatiously

4

expanding litigation over the same conduct, and seeking two bites of the apple for relief." [*Id.* at 3]. AFG argues that, for this reason, the Amended Complaint should be stricken as redundant. [*Id.* at 1].

In response, Plaintiff asserts that it filed the Amended Complaint and its additional claims "with the intent of proceeding against Mr. Van Der Jagt [in this case] and dismissing the [other] case." [#35 at 2]. Plaintiff states that its "desire to handle the claims from both matters in [a] single proceeding was communicated with Defendant's counsel . . . in the parties' telephonic 26f conference call on July 22, 2021." [*Id.*].[4] Plaintiff's counsel, as an officer of the court, is bound by the Rules of Professional Conduct, the Federal Rules of Civil Procedure, and the Local Rules of Attorney Conduct. *Bartch v. Barch*, No. 18-cv-03016-MSK-NYW, 2019 WL 10255031, at *3 (D. Colo. Dec. 9, 2019); *see also Selsor v. Kaiser*, 81 F.3d 1492, 1501 (10th Cir. 1996) (observing that, as officers of the court, statements of attorneys to the court are virtually made under oath). Plaintiff's counsel has represented to the court that he does not intend to proceed on allegedly duplicitous claims in multiple lawsuits, but instead intends to proceed in only in this matter, and that this intention was communicated to defense counsel. *See* [#35 at 2]. The court accepts this representation, including the representation that Plaintiff intends to dismiss the other pending lawsuit, as true, and thus, AFG's concerns related to duplicative litigation, "wasting judicial resources," or "expanding litigation over the same conduct" are not present here.[5]

---

[4] Plaintiff does not explain why it has not voluntarily dismissed its case in Civil Action No. 21-cv-01362-CMA-NRN in the three weeks since it represented its intention to do so. *See generally* [#35].

[5] In its Reply, AFG asserts that Plaintiff's representation that it informed AFG of its intent to dismiss the separate matter is "false[]." [#36 at 2]. To the extent that there is any dispute between the Parties concerning what was or was not discussed during the Parties' Rule 16(f) conference, "[a]ny doubt about whether the challenged material is redundant . . . should be resolved in favor of the non-moving party." 5C Wright & Miller, *supra*, § 1382.

Moreover, AFG has not asserted or shown that it will be prejudiced absent its requested relief. *See generally* [#34]. A party must generally make a showing of prejudice before a court may grant a motion to strike, *Young Life Campaign*, 176 F. Supp. 2d at 1086, as striking pleadings or allegations is "a generally-disfavored, drastic remedy." *Tri-State Generation*, 173 F.R.D. at 285. As AFG acknowledges, *see* [#34 at 2], it has not been served in the separate matter, has not entered an appearance in that matter, and thus has not been required to mount any substantive defense to Plaintiff's claims in that matter, so as to demonstrate that AFG has been or is being required to participate in duplicative litigation. The court, therefore, cannot conclude that AFG will be prejudiced by denying the Motion to Strike, particularly in light of Plaintiff's counsel's representation that he intends to dismiss the separate matter. The court thus finds no basis for striking the Amended Complaint on redundancy grounds.

***Failure to Comply with the Local Rules***. In the alternative, AFG asserts that the Amended Complaint must be stricken for failure to comply with Local Rule 15.1, which requires that "[a] party other than an unrepresented prisoner who files an amended pleading under Fed. R. Civ. P. 15(a)(1) . . . shall file a separate notice of filing the amended pleading and shall attach as an exhibit a copy of the amended pleading which strikes through . . . the text to be deleted and underlines . . . the text to be added." D.C.COLO.LCivR 15.1. AFG argues that, because Plaintiff did not file a red-lined version of the Amended Complaint as an exhibit, the Amended Complaint "has been improperly filed and is immaterial." [#34 at 3]. Plaintiff does not respond to this argument. *See* [#35].

AFG is correct that Plaintiff failed to comply with Local Rule 15.1 by failing to file a notice of filing the amended pleading and failing to submit a red-lined version of the Amended Complaint as an exhibit. While AFG is correct that the violation of the Local Rules of Civil Practice may

6

lead to repercussions, including striking of a filing, *see e.g., Muller v. Perdue*, 744 F. App'x 555, 560 (10th Cir. 2018) (unpublished) (finding no abuse of discretion for the striking of filings for violating the district court's local rules), the court declines to strike the Amended Complaint on this basis.  *See* Fed. R. Civ. P. 1 (directing courts to construe and apply the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding").  This court has instructed the Parties on multiple occasions of its intent to proceed expeditiously and efficiently in this matter.  Due to numerous well-documented issues concerning disputes over service, the progress of this case has already been delayed unnecessarily; although this case was filed over four months ago, this court has not yet been able to enter a Scheduling Order so as to proceed with the merits of this case.  Striking the Amended Complaint would contribute to additional undue delay.  Indeed, AFG does not argue, and this court does not find, that failure to comply with Local Rule 15.1 would warrant dismissal of Plaintiff's case.  Thus, striking the Amended Complaint would work only to require Plaintiff to re-file his Amended Complaint with the required attachments, thereby unnecessarily extending AFG's deadline to answer the Amended Complaint; the court does not find that this is in the interest of judicial economy, particularly where the issue identified by AFG may be easily remedied by a court order directing Plaintiff to file an out-of-time notice of amended pleading and red-lined Amended Complaint.

Moreover, AFG does not cite any authority for its assertion that, because Plaintiff failed to comply with the Local Rules, the Amended Complaint is "immaterial."  *See* [#34 at 3]. "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material."  5C Wright & Miller, *supra*, § 1382.  The Amended

7

Complaint, which sets forth the nature and basis of Plaintiff's claims in this lawsuit, is material in this matter. The court finds that AFG has not met its burden of demonstrating that striking the Amended Complaint is warranted here.[6]

## CONCLUSION

For these reasons, it is hereby **ORDERED** that:

(1) Defendant's Motion to Strike the First Amended Complaint [#34] is **DENIED**;

(2) Plaintiff shall file a notice of amended pleading and a red-lined version of the Amended Complaint on or before **August 16, 2021**. Such filing shall not be construed as a second amended complaint, and the Amended Complaint [#30] **REMAINS** the operative pleading in this action; and

(3) AFG shall answer or otherwise respond to the Amended Complaint within **14 days** of the entry of this Order; and

(4) On or before **August 23, 2021**, Plaintiff shall file a Status Report in this case addressing the status of Civil Action No. 21-cv-01362-CMA-NRN, *Elide Fire USA, Corp. v. Auto Fire Guard, LLC et al.* and Plaintiff's intent to proceed in that matter.

---

[6] In its Response, Plaintiff "requests this Court on its own, under Rule 11 subsection (c)(3), to issue an order to Defendant and its attorney to show cause why the filing of this Motion and their related gamesmanship tactics have not violated Rule 11(b) and further why they should not be jointly sanctioned." [#35 at 4]. The Local Rules provide that "[a] motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document." D.C.COLO.LCivR 7.1(d). Thus, to the extent Plaintiff requests that this court issue an order to show cause or that it impose sanctions on AFG or its counsel, this request is not properly before the court.

DATED: August 13, 2021   BY THE COURT:

                                                                                     _____
Nina Y. Wang
United States Magistrate Judge