IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00943-NYW

ELIDE FIRE USA CORP.,

    Plaintiff,

v.

AUTO FIRE GUARD, LLC,
GRANT VAN DER JAGT, and
DOES 1-10,

    Defendants.

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

    This matter is before the court on Plaintiff's Motion for Alternate Service Under FRCP Rule 4(e) (the "Motion" or "Second Motion for Alternative Service") [Doc. 63, filed February 7, 2022]. The undersigned considers the Motion pursuant to 28 U.S.C. § 636(c) and Order of Reference for all purposes dated July 30, 2021. [Doc. 29]. Upon review of the Motion and the related briefing, the applicable case law, and the entire docket, and being fully advised in the premises, the Second Motion for Alternative Service is **DENIED**. Additionally, the court respectfully **RECOMMENDS** that Plaintiff's claims against Defendant Grant Van Der Jagt and the ten Doe Defendants be **DISMISSED without prejudice** for failure to serve under Rule 4(m).

## BACKGROUND

    Plaintiff initiated this civil action against Defendant Auto Fire Guard, LLC ("AFG") on April 5, 2021. [Doc. 2]. The case was directly assigned to the undersigned Magistrate Judge. [Doc. 5]. On June 1, 2021, Plaintiff moved for a clerk's entry of default against AFG, *see* [Doc. 10], and default was entered that same day. [Doc. 11]. On June 2, 2021, AFG's counsel, Robert

Purcell ("Mr. Purcell"), entered a special entry of appearance to contest the entry of default on the basis that AFG had not been properly served. *See* [Doc. 12]. On June 30, 2021, this court held a status conference at which the Parties discussed the status of service on AFG. [Doc. 20]. Mr. Purcell indicated that he was not authorized to accept service on behalf of AFG nor authorized to waive service on its behalf. [*Id.*]. However, on July 8, 2021, the Parties stipulated to vacatur of the Clerk's entry of default and Mr. Purcell's acceptance of service, [Doc. 21], and the entry of default was vacated. [Doc. 22]. Plaintiff and AFG consented to magistrate judge jurisdiction on July 29, 2021. [Doc. 25].

On August 3, 2021, Plaintiff filed Plaintiff's First Amended Complaint Against Defendants for Patent Infringement; Unfair Competition; and Colorado Consumer Protection Act C.R.S. § 6-1-101, *Et Seq*. (the "Amended Complaint") as a matter of right pursuant to Rule 15 of the Federal Rules of Civil Procedure. *See* [Doc. 30]. In so doing, Plaintiff added Defendant Grant Van Der Jagt, who Plaintiff alleges is "an officer and director of defendant AFG," [*id.* at ¶ 12], as well as ten Doe Defendants, and asserted two additional claims not previously raised. *See generally* [*id.*]. At a hearing held on August 12, 2021, the court and the Parties discussed, *inter alia*, service on Mr. Van Der Jagt. *See* [Doc. 39]. Mr. Purcell represented that he was not authorized to accept service on behalf of Mr. Van Der Jagt. *See* [*id.*]. The court ordered Plaintiff to seek a waiver of service or file an appropriate motion for alternative service on or before August 19, 2021. [*Id.*].

On August 19, 2021, Plaintiff filed a Motion for Alternative Service Under FRCP Rule 4(e) (the "First Motion for Alternative Service"), seeking to serve Mr. Van Der Jagt by serving Mr. Purcell. [Doc. 40]. This court denied the Motion for Alternative Service without prejudice upon concluding that (1) the motion was procedurally deficient, *see* [Doc. 47 at 6]; (2) Plaintiff had failed to meet its burden of demonstrating due diligence in attempting to service Mr. Van Der

2

Jagt in this matter, [*id.* at 7-10]; and (3) Plaintiff had failed to demonstrate that future attempts at service would be futile. [*Id.* at 10-11]. Specifically, the court noted that Plaintiff had failed to demonstrate that it had been diligent in attempting personal service on Mr. Van Der Jagt in this case, as the previous service attempts referenced by Plaintiff reflected either attempts to serve "AFG through Mr. Van Der Jagt, but not Mr. Van Der Jagt personally" or attempts to serve Mr. Van Der Jagt in an entirely separate lawsuit. [*Id.* at 7-8]. The court determined that there was "currently no evidence before the court that Plaintiff ha[d] attempted to personally serve Mr. Van Der Jagt *in his personal capacity as a defendant in this case*," and Plaintiff could not demonstrate due diligence where it had not actually attempted personal service on Mr. Van Der Jagt in this case. [*Id.* at 8 (emphasis in original)]. Finally, the court noted that it was unclear whether Plaintiff was requesting an extension of time to serve Mr. Van Der Jagt, *see* [*id.* at 11-12], but nevertheless concluded that there was no indication that Plaintiff could not serve Mr. Van Der Jagt by November 1, 2021—over six weeks from the date of the court's Order—and declined to extend the deadline to serve. [*Id.* at 12].

Because Plaintiff filed its Amended Complaint on August 3, 2021, Plaintiff's deadline to serve Mr. Van Der Jagt and the ten Doe Defendants was November 1, 2021. *See* Fed. R. Civ. P. 4(m).[1] Plaintiff did not file proof of service on these Defendants by the November 1, 2021 deadline, nor did Plaintiff move to extend its deadline to serve these Defendants. Instead, Plaintiff

---

[1] "When an amended complaint names a new defendant, as is the case here, a plaintiff has 90 days from the date on which the amended complaint is filed to serve that defendant with process." *Lunnon v. United States*, No. CV 16-1152 MV/JFR, 2020 WL 1820499, at *9 (D.N.M. Feb. 21, 2020), *report and recommendation adopted*, 2020 WL 1329821 (D.N.M. Mar. 23, 2020) (citing *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006)); *see also* Wright & Miller et al., Fed. Prac. & Proc. Civ. § 1137 (4th ed.) ("[A]dding a new party through an amended complaint initiates a new timetable for service upon the added defendant.").

3

filed a "Declaration of Non-Service" on December 23, 2021. *See* [Doc. 59]. However, this belated filing did not request any relief and did not operate to extend Plaintiff's deadline.

On January 31, 2022, this court entered an Order to Show Cause, directing Plaintiff to show cause no later than February 7, 2022 why its claims against Mr. Van Der Jagt and the Doe Defendants should not be dismissed without prejudice for failure to serve under Rule 4(m). *See* [Doc. 60 at 18-20]. In so doing, the court noted that "[n]early three months ha[d] passed since Plaintiff's deadline to serve Mr. Van Der Jagt and the Doe Defendants lapsed," but Plaintiff had made no attempt to extend its deadline to serve. [*Id.* at 19-20]. Thus, the court could only "assume that Plaintiff either cannot effectuate service on Mr. Van Der Jagt or no longer intends to pursue its claims against Mr. Van Der Jagt." [*Id.* at 20]. Moreover, the court stated that because Plaintiff has not indicated that it had identified any Doe Defendants through discovery, the court could "only assume that such identification ha[d] not been made." [*Id.*]. The court expressly instructed Plaintiff that "[b]ecause four months ha[d] passed since this court denied [the First] Motion for Alternative Service, nearly three months ha[d] passed since the deadline to serve, and Plaintiff ha[d] made no attempt to extend the service deadline or otherwise move for alternative service, . . . a successive motion for alternative service will not constitute a sufficient response to this Order to Show Cause." [*Id.* (emphasis in original)].

On February 7, 2022, Plaintiff filed three documents: a Declaration of Due Diligence in Support of Plaintiffs' [sic] Motion to Extend Time for Service and for Alternative Service on Grant Van Der Jagt (the "Declaration of Due Diligence") [Doc. 62]; the Second Motion for Alternative Service [Doc. 63]; and a Declaration of Plaintiff's Counsel in Response to January 31, 2022, Order to Show Cause Re: Why Plaintiff's Claims Against Van Der Jagt and the Doe Defendants Should

4

Not Be Dismissed for Failure to Serve Under Rule 4(m) (the "Declaration of Counsel") [Doc. 64].[2] This court ordered expedited briefing on the Second Motion for Alternative Service, *see* [Doc. 65], and AFG responded in opposition to the Motion on February 9, 2022.  [Doc. 66].  Plaintiff has since filed a reply.  [Doc. 67].  Because the Motion is ripe for disposition, I consider the Parties' arguments below.

## LEGAL STANDARD

Rule 4(m) provides that "[f]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *cf.* D.C.COLO.LCivR 41.1 (providing for dismissal with or without prejudice for failure to comply with the Federal Rules of Civil Procedure).  If a plaintiff shows good cause for the delay, extension of the service deadline is mandatory.  *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).  "If the plaintiff fails to show good cause, the district court must still consider whether a permissible extension of time may be warranted.  At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service."  *Id.*

"The Tenth Circuit has interpreted 'good cause' narrowly, and inadvertence or ignorance of the rules is insufficient."  *Blackmon v. U.S.D. 259 Sch. Dist.*, 769 F. Supp. 2d 1267, 1275 (D. Kan. 2011).  A plaintiff "who seeks to rely on the good cause provision must show <u>meticulous efforts</u> to comply with the rule," *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) (emphasis added), and must "show something more than excusable neglect to satisfy the good cause

---

[2] Because the Declaration of Counsel was filed after 12:00 a.m. MST, the docket reflects that it was filed on February 8, 2022.  *See* [Doc. 64].  The court will consider this declaration filed by the court's February 7, 2022 deadline.

5

requirement." *Donahue v. Probasco & Assocs., P.A.*, No. 2:18-cv-02344-CM-TJJ, 2019 WL 398843, at *3 (D. Kan. Jan. 31, 2019).

## ANALYSIS

In the Second Motion for Alternative Service, Plaintiff requests (1) leave of court to permit Plaintiff to serve Mr. Van Der Jagt via Mr. Purcell and/or via mail to both the UPS mailbox and Mr. Van Der Jagt's residential address, [Doc. 63 at 6]; and (2) an extension of time to effect service. [*Id.* at 6-7]. Plaintiff further argues that the court should award Plaintiff "costs incurred by Plaintiff in making alternate service on Defendant Van der Jagt." [*Id.* at 7]. AFG argues in response that Plaintiff has not met its burden of demonstrating that alternative service is warranted. *See generally* [Doc. 66]. The court addresses whether Plaintiff has shown good cause why the claims against Mr. Van Der Jagt and the Doe Defendants should not be dismissed pursuant to Rule 4(m) together with its Second Motion for Alternative Service.

The court's determination of good cause under Rule 4(m) requires a detailed review of Plaintiff's submissions. Relevant here, the Declaration of Due Diligence states: (1) Plaintiff "attempt[ed] service" on April 13, 2021 at a business address listed for AFG on the Colorado Secretary of State's website, but the address led to a private mailbox at a UPS store, [Doc. 62 at ¶ 8]; (2) Plaintiff "attempt[ed] service" at Mr. Van Der Jagt's residential address on April 16, 2021, but was unsuccessful, [*id.* at ¶ 9]; a process server "again attempted to serve [Mr.] Van Der Jagt" at the residential address on April 24, 2021, [*id.* at ¶ 13; Doc. 62-7 at 2]; (3) "[i]n June 2021, Douglas County Sheriffs attempted to serve [Mr.] Van Der Jagt on 5 separate occasions," but were not successful, [Doc. 62 at ¶ 14]; and (4) "[i]n November of 2021, process servers performed surveillance" at Mr. Van Der Jagt's residential address "waiting 12 hours over the course of 3 days," but no activity was observed, [*id.* at ¶ 16]. The Declaration of Due Diligence also details

6

online search or other investigative efforts of counsel to locate addresses for Mr. Van Der Jagt. *See, e.g.*, [*id.* at ¶¶ 6, 11, 15].

In the Declaration of Counsel,[3] defense counsel states that service on Mr. Van Der Jagt "has been difficult." [Doc. 64 at ¶ 3]. He states generally that after this court denied the First Motion for Alternative Service, Plaintiff "made further efforts to serve Van Der Jagt and contends it meets the procedural requirement and shows good cause to move this Court for an Order to Extend Time for Service of Process under Rule 4(m) and for Alternative Service under Rule 4(e)." [Doc. 64 at ¶ 6]. Counsel asserts that the Declaration of Due Diligence "set[s] forth the efforts to serve Van Der Jagt from April 2021 through November 2021." [*Id.*]. And in the Second Motion for Alternative Service, Plaintiff argues that there is good cause to extend the service deadline "due to [Mr. Van Der Jagt's] repeated efforts to avoid service and now temporarily vacating his last known residence." [Doc. 63 at 2]. In support, Plaintiff states that (1) "Douglas County Sherriff's officers attempted to serve Van Der Jagt on 5 separate occasions," and (2) "Plaintiff's counsel again attempted service on Van Der Jagt in this matter" in November 2021. [*Id.* at 4, 5].

I.      **Whether Plaintiff Has Shown Good Cause to Extend the Rule 4(m) Deadline**

In its Second Motion for Alternative Service, Plaintiff argues generally that good cause exists to extend the service deadline because Mr. Van Der Jagt has avoided service, [Doc. 63 at 2], relying on out-of-Circuit, non-binding authority to assert that "[w]hen a defendant knows of a lawsuit, evidence [of] an evasion [of] service constitutes good cause for failure of service under Rule 4." [*Id.* at 6-7]. Plaintiff argues that Mr. Van Der Jagt "clearly knows about this instant action" and has "clearly made efforts to evade . . . service of process attempted by Sheriff deputies," which establishes good cause exists an extension of the service deadline. [*Id.* at 7].

---

[3] The court notes that the Declaration of Counsel is signed only with an "/s/." *See* [Doc. 64 at 3].

7

The court disagrees that a defendant's evasion of service, in and of itself, is sufficient to constitute "good cause" in this Circuit. Rather, the Tenth Circuit has expressly advised that a plaintiff must demonstrate "meticulous efforts" to comply with Rule 4(m) to establish good cause for failure to serve. *See Kirkland*, 86 F.3d at 176. Thus, it is Plaintiff's efforts—not Mr. Van Der Jagt's conduct—that is the crux of this court's inquiry.

As a preliminary matter, the court notes that it has already concluded that many of the service attempts relied upon by Plaintiff here are not applicable to this case. Indeed, the April 2021 service attempts referenced by Plaintiff in each of its filings, *see* [Doc. 62 at ¶¶ 8-9; Doc. 63 at 5; Doc. 64 at ¶ 6], were attempts to serve AFG—not Mr. Van Der Jagt personally. *See* [Doc. 62-4 at 2; Doc. 62-7 at 2]. Indeed, Mr. Van Der Jagt was not a party to this matter in April 2021 and was not added to this case until August 3, 2021. *See* [Doc. 30; Doc. 47 at 8]. The court noted this in its Order on the First Motion for Alternative Service, finding that these attempts at service were thus insufficient to demonstrate Plaintiff's diligence in attempting to serve Mr. Van Der Jagt *personally*. *See* [Doc. 47 at 8].

Moreover, this court previously concluded that the service attempts effectuated by the Douglas County Sheriff's Office—which are too referenced by Plaintiff in two of its filings, *see* [Doc. 62 at ¶ 14; Doc. 63 at 4-5]—appear to have been made in an entirely different lawsuit. *See* [Doc. 30 at 7-8 n. 4]. Plaintiff has never challenged this conclusion, *see, e.g.*, [Doc. 62; Doc. 63], and the court has confirmed that the Douglas County service affidavits were filed on the docket in the separate lawsuit. *See Elide Fire USA, Corp. v. Auto Fire Guard, LLC et al.*, Civil Action No. 21-cv-01362-CMA-NRN, ECF Nos. 7 and 8. Similarly here, the court concluded in its September 14, 2021 Order that the Sheriff's attempts to serve Mr. Van Der Jagt in an entirely separate lawsuit

did not support a finding that Plaintiff acted diligently in attempting personal service in this matter. [Doc. 47 at 8].

Plaintiff does not address this court's previous conclusion that these service attempts are insufficient to establish attempts at personal service on Mr. Van Der Jagt in this case. *See* [Doc. 30 at 7-8]; *see also* [Doc. 62; Doc. 63; Doc. 64]. Nor does Plaintiff explain why this court should nevertheless consider these inapplicable attempts in its good-cause analysis. *See* [Doc. 63]. Absent any argument from Plaintiff, the court finds no reason to depart from its prior finding and does not consider these service attempts here.

Setting aside those inapplicable attempts, Plaintiff seeks an extension of the service deadline based on service attempts and/or surveillance occurring "[i]n November of 2021." [Doc. 62 at ¶ 2; Doc. 63 at 5]. Plaintiff does not specify the exact date on which this "surveillance" occurred. *See generally* [Doc. 63]. However, the "Non Service Report" submitted by Plaintiff shows that this surveillance occurred on November 19, 20, and 21, 2021—i.e., after the November 1, 2021 service deadline. [Doc. 62-10 at 2]. Although the court noted this belated attempt at service in its Order to Show Cause, *see* [Doc. 60 at 19 n.13], Plaintiff does not attempt to explain— or even acknowledge—the fact that these service attempts were untimely. *See* [Doc. 63 at 2 (Plaintiff acknowledging that its service deadline was November 1, 2021)]. Nor does Plaintiff represent that it made any other service attempts on Mr. Van Der Jagt, other than those which were not directed at Mr. Van Der Jagt personally in this case or those which were not timely. *See generally* [Doc. 62; Doc. 63; Doc. 64]. Stated another way, Plaintiff has not shown that it made *any* timely attempt to personally serve Mr. Van Der Jagt in this matter, despite the six week period of time between this court's denial of its First Motion for Alternative Service and the November 1, 2021 deadline.

9

"[T]he good cause provision of Rule 4([m]) should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994). "To be entitled to a mandatory extension for service of process, a plaintiff should be making his or her best effort to comply with the rules." *Padilla v. Walgreen Hastings Co.*, No. CIV 08-1110 JB/CEG, 2009 WL 2951025, at *6 (D.N.M. Aug. 11, 2009). "The prosecution of this lawsuit, including service on the defendants, is ultimately Plaintiff's responsibility," *Dona't v. Amazon.com/Kindle*, 482 F. Supp. 3d 1137, 1144 (D. Colo. 2020), and because Plaintiff failed to timely attempt personal service on Mr. Van Der Jagt in this case, Plaintiff's compliance efforts cannot be deemed "meticulous." *See Wischmeyer v. Wood*, No. 07-cv-01863-LTB, 2008 WL 2324128, at *2 (D. Colo. June 2, 2008) (where the plaintiff argued that the defendant was difficult to locate but made no showing that he attempted to timely serve, finding no good cause); *Reality Tech., Inc. v. Countertrade Prod., Inc.*, No. 10-cv-01791-PAB-KLM, 2011 WL 2292270, at *2 (D. Colo. June 8, 2011) (service attempts made after the deadline to serve "[did] not show plaintiff's meticulous efforts to comply with the rule). Moreover, Plaintiff's failure to explain its delay in attempting service and its delay in moving for alternative service too precludes a finding of good cause. *McDaniel v. Rellos*, No. 19-cv-01506-WJM-MEH, 2021 WL 1725131, at *3 (D. Colo. Feb. 18, 2021), *report and recommendation adopted*, 2021 WL 1725132 (D. Colo. Mar. 25, 2021) ("Plaintiff [does not] directly address the delay [or] explain why it was nearly three months after the deadline . . . when she made the [service] attempt. Consequently, Plaintiff does not show good cause for the omission."). The court concludes that Plaintiff has not established good cause mandating an extension of the Rule 4(m) deadline.

**II.     Whether A Permissive Extension is Warranted**

Having determined that Plaintiff has not shown good cause for failing to meet the Rule 4(m) deadline, the court must next consider whether a permissive extension of time is warranted. *Est. of Goodwin by & through Alvarado v. Connell*, 376 F. Supp. 3d 1133, 1153 (D. Colo. 2019). In determining whether a permissive extension is appropriate, courts consider several factors, "including the complex requirements of multiple service, the plaintiff's pro se status, the statute of limitations, the danger of prejudice to the defendant, and the length of the delay."  *Id.* (citing *Espinoza*, 52 F.3d at 842); *see also Elevario v. Hernandez*, No. 10-cv-00015-RB-WDS, 2010 WL 11618911, at *3 (D.N.M. Dec. 20, 2010) (considering, *inter alia*, whether the plaintiffs "attempted to comply with Rule 4(m)" and whether the defendant was evading service of process) (citing *Espinoza*, 52 F.3d at 842).

Plaintiff does not argue that these factors weigh in favor of an extension of time to serve; in fact, Plaintiff makes no argument as to why a permissive extension is warranted.  *See generally* [Doc. 63].  It is not the court's duty to make arguments or perform legal research for Plaintiff.  *See Phoenix Ins. Co. v. Trinity Universal Ins. Co. of Kan.*, No. 12-cv-01553-REB-KLM, 2013 WL 4594529, at *2 (D. Colo. Aug. 29, 2013) ("It is not the Court's responsibility to conduct legal research in order to understand a party's argument, nor is the Court obligated to piece together support for an argument."); *United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself.").  Thus, the court considers only the factors which are applicable to this case and apparent on the face of the briefing.

First, Plaintiff's failure to attempt to comply with Rule 4(m) cuts against a permissive extension.  This court denied the First Motion for Alternative Service on September 14, 2021.

[Doc. 47]. A summons was issued by the Clerk of Court on October 1, 2021. [Doc. 51]. Yet Plaintiff made no attempt within the next month to timely serve Mr. Van Der Jagt, instead waiting until nearly three weeks after the service deadline (and nine weeks after the court's Order) to conduct "surveillance" at Mr. Van Der Jagt's residential address. "[A]lthough Rule 4(m) of the Federal Rules of Civil Procedure gives the court discretion to extend the [90-]day deadline, the court would abuse its discretion in extending the deadline for a plaintiff who made no effort to effect service." *Bradley v. Frito Lay, Inc.*, No. 07-4054-JAR, 2008 WL 695224, at *1 (D. Kan. Mar. 7, 2008).

Moreover, the court disagrees with Plaintiff's assertion that "[t]he delay of service is directly due to [Mr. Van Der Jagt's] intentional avoidance." [Doc. 63 at 7]. The Second Motion for Alternative Service was filed <u>three months</u> after Plaintiff's deadline to serve, and only after this court issued its Order to Show Cause. Plaintiff has offered no explanation for this delay, *see* [Doc. 63], even when underscored by the court. [Doc. 47 at 19 n.13]. Courts routinely decline to extend the service deadline where the plaintiff has not shown good cause for failure to serve and the plaintiff's request for an extension to serve was untimely. *See, e.g.*, *Smyers v. Cty. of Atchison*, No. CIV.A. 07-2364-CM, 2008 WL 4822062, at *4 (D. Kan. Nov. 4, 2008), *aff'd*, 336 F. App'x 819 (10th Cir. 2009); *Grizzle v. Christian*, No. CIV-16-254-SPS, 2017 WL 1740261, at *2 (E.D. Okla. May 4, 2017). "Had plaintiff been more diligent in prosecuting this case, the court might be inclined towards leniency; however[,] this is not the case." *Smyers*, 2008 WL 4822062, at *5.

Although Plaintiff argues that Mr. Van Der Jagt has evaded service, the court simply notes, again, that Plaintiff did not attempt timely personal service on Mr. Van Der Jagt. The court is thus unable to conclude that the failure to serve can conclusively be attributed to any evasion on the part of Mr. Van Der Jagt. *Cf. McDaniel*, 2021 WL 1725131, at *3 (rejecting argument that

defendants evaded service where "no such evasive conduct [was] apparent"). Finally, the court notes that this case has been pending since April 2021, and Mr. Van Der Jagt has been a named Defendant since August 2021. Plaintiff has not been diligent in attempting to serve Mr. Van Der Jagt, and the court finds that it would not be in the interest of judicial economy to permit additional time for service, which—if successful—would cause significant delays in the progression of this case. For these reasons, the court declines to exercise its discretion and order a permissive extension of the Rule 4(m) deadline. And because Plaintiff has run out of time to serve Mr. Van Der Jagt, the Second Motion for Alternative Service is **DENIED**. Plaintiff's claims against Mr. Van Der Jagt and the Doe Defendants should be dismissed.[4]

### III. Consent of the Parties

On July 29, 2021, Plaintiff and AFG—at the time, the only Parties in this action—consented to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c). [Doc. 25]. The case was then referred to the undersigned for all purposes. [Doc. 29]. Because Mr. Van Der Jagt was named in this matter after the Consent Form was filed, he has not consented to Magistrate Judge jurisdiction. *See* [Doc. 25; Doc. 30]; *see also* D.C.COLO.LCivR 72.2(f) (requiring that newly added or newly served parties be given opportunity to consent to magistrate-judge jurisdiction).

---

[4] Despite this court stating in its Order to Show Cause that the court could only assume that Plaintiff cannot identify any of the Doe Defendants, Plaintiff makes no mention of, and raises no argument with respect to, the Doe Defendants. *See* [Doc. 62; Doc. 63; Doc. 64]. Thus, Plaintiff has not demonstrated good cause to extend the service deadline as to the Doe Defendants, and the court declines to exercise its discretion to extend the deadline where Plaintiff has not argued that it should. *See Sayed v. Kautz*, No. 18-cv-00931-WJM-NRN, 2019 WL 1397287, at *6 (D. Colo. Mar. 28, 2019) (dismissing claims against doe defendants without prejudice where the plaintiff had made no effort to identify the doe defendants, had not provided any reason for his delay, and had not asked the court for an extension of time to serve the doe defendants).

The Tenth Circuit has not spoken on whether the consent of unserved, non-appearing parties is required where the court has nevertheless obtained consent to magistrate judge jurisdiction from all appearing parties. Based on the court's research, it appears that four Circuit courts have: the Fifth Circuit has held that unserved parties are not yet parties to the action and, thus, their non-consent does not preclude other parties' consent. *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995). On the other hand, the Third, Fifth, and Seventh circuits have held that 28 U.S.C. § 636(c) requires the consent of *all* parties, even those who have not yet been served. *See Burton v. Schamp*, 25 F.4th 198, 2022 WL 322883, at *6 (3d Cir. 2022); *Coleman v. Lab. & Indus. Rev. Comm'n of Wisc.*, 860 F.3d 461, 475 (7th Cir. 2017); *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). Botably, the Third Circuit has also determined that "[n]o consent from a defendant is necessary where a plaintiff has failed to effect service on the defendant in the time prescribed by Fed. R. Civ. P. 4(m)." *Burton*, 2022 WL 322883, at *6 n.43.

Despite this statement from the *Burton* court, given the absence of any binding directive from the Tenth Circuit, coupled with the weight of authority of other Circuit courts, the court finds appropriate to recommend that Mr. Van Der Jagt and the Doe Defendants be dismissed from this action and to order the Clerk of Court to reassign this case to a District Judge to adjudicate that recommendation. *See id.* at *6 (holding that § 636(c) requires the consent of "<u>any party directly affected by an order</u> or a judgment issued by that magistrate judge."). Should the District Judge agree with the undersigned's Recommendation and dismiss the unserved Defendants pursuant to Rule 4(m), the case may be reassigned to the undersigned pursuant to the Parties' original consent. *See* [Doc. 25].

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1) The Order to Show Cause [Doc. 60] is **MADE ABSOLUTE**;

(2) Plaintiff's Motion for Alternate Service Under FRCP Rule 4(e) [Doc. 63] is **DENIED**; and

(3) The Clerk of Court **SHALL REASSIGN** this case to a District Judge.

Additionally, the court respectfully **RECOMMENDS** that:

(1) Plaintiff's claims against Defendant Grant Van Der Jagt and the Doe Defendants be **DISMISSED without prejudice** for failure to timely serve under Rule 4(m).

DATED:  March 7, 2022

BY THE COURT:

*Nina Y. Wang*

Nina Y. Wang
United States Magistrate Judge

15