IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00943-WJM-NYW

ELIDE FIRE USA CORP.,

    Plaintiff,

v.

AUTO FIRE GUARD, LLC,
GRANT VAN DER JAGT, and
DOES 1-10,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

This matter is before the court on Plaintiff's Motion for Leave to File Second Amended Complaint FRCP Rule 15 [sic] ("the "Motion" or "Motion to Amend") [Doc. 75, filed March 8, 2022]. The undersigned considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated March 9, 2022, [Doc. 78], and the Memorandum dated March 25, 2022. [Doc. 80]. Upon review of the Motion, the related briefing, and the applicable case law, this court respectfully **RECOMMENDS** that the Motion to Amend be **DENIED**.[1]

---

[1] "Whether motions to amend are dispositive is an unsettled issue in the 10th Circuit." *Cano-Rodriguez v. Adams Cty. Sch. Dist. No. 14*, No. 19-cv-01370-CMA-KLM, 2020 WL 6049595, at *1 n.2 (D. Colo. July 23, 2020), *report and recommendation adopted*, 2020 WL 4593219 (D. Colo. Aug. 11, 2020). Courts in this District have treated orders granting motions to amend as non-dispositive, but "many courts have held that a recommendation to deny a motion to amend . . . should be viewed as a dispositive ruling because it precludes the filing of certain claims." *Crocs, Inc. v. Effervescent, Inc.*, No. 06-cv-00605-PAB-KMT, 2021 WL 941828, at *2 n.1. (D. Colo. Mar. 11, 2021); *see also Bullock v. Daimler Trucks N. Am., LLC*, No. 08-cv-00491-PAB-MEH, 2010 WL 1286079, at *1 (D. Colo. Mar. 29, 2010) (observing that it "makes good sense" to distinguish between

1

## BACKGROUND

This court has set out the factual and procedural background of this case in detail, *see, e.g.*, [Doc. 60; Doc. 71] and does so again here only as necessary for purposes of the instant Motion. Plaintiff Elide Fire USA Corp. ("Plaintiff" or "Elide Fire") initiated this civil action against Defendant Auto Fire Guard, LLC ("AFG") on April 5, 2021. [Doc. 2]. After AFG filed a motion to dismiss (the "First Motion to Dismiss") on July 22, 2021, [Doc. 23; Doc. 23-1], Plaintiff filed an Amended Complaint as a matter of right on August 3, 2021. [Doc. 30].[2] Plaintiff alleges generally that it is the exclusive licensee of United States Patent No. 6,796,382 ("the '382 Patent") and that Defendants have infringed upon that Patent. [*Id.* at ¶¶ 2-3, 6]. The Amended Complaint asserts the following claims for relief: (1) infringement of the '382 Patent against all Defendants; (2) false or misleading advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1), against all Defendants; and (3) false or misleading advertising under the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101 *et seq.*, against all Defendants. *See generally* [*id.*].

On August 25, 2021, AFG filed a renewed Motion to Dismiss, arguing, *inter alia*, that Plaintiff's claims against it should be dismissed because Plaintiff's "[s]tatus as an exclusive licensee is insufficient to bring a lawsuit for infringement of the ['382 Patent]."

---

allowing and denying an amendment in considering whether to use an order or recommendation as a magistrate judge). Because the court concludes that the Motion to Amend should be denied, the court proceeds by Recommendation.

[2] Plaintiff added Defendant Grant Van Der Jagt, who Plaintiff alleges is "an officer and director of defendant AFG," [Doc. 30 at ¶ 12], as well as ten Doe Defendants, and asserted two additional claims not previously raised. *See generally* [*id.*]. Because Plaintiff failed to serve Defendant Van Der Jagt and the Doe Defendants by the service deadline and failed to articulate good cause for an extension of time to serve, this court recommended that Plaintiff's claims against the unserved Defendants be dismissed without prejudice. [Doc. 71 at 15]. That Recommendation is currently pending before the presiding judge.

[Doc. 44-1 at 7]. According to AFG, because Plaintiff did not possess "all substantial rights" in the '382 Patent, Plaintiff has no right to sue for patent infringement. [*Id.* at 8-9]. AFG maintained that "this independent basis alone" was sufficient to warrant dismissal of Plaintiff's case. [*Id.* at 10].

On January 31, 2022, this court rejected AFG's argument, recognizing that "even where no transfer of all substantial rights . . . has occurred, a party with 'exclusionary rights' may still sue for patent infringement[,] . . . so long as the patentee is joined in the lawsuit." [Doc. 60 at 10 (quoting *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1229 (Fed. Cir. 2019))]. After the court concluded that Plaintiff had failed to establish that the patent owner had transferred all substantial rights in the '382 Patent to Plaintiff, *see* [*id.* at 12-14], but that Plaintiff's allegations were sufficient—at the pleading stage—to allege that Plaintiff is the exclusive licensee of the '382 Patent, *see* [*id.* at 15-16], the court concluded that the cure for the defect in the Amended Complaint was to join the patent owner, rather than dismiss the case. [*Id.* at 16]. Finding no basis for dismissal at that juncture, the court denied the Motion to Dismiss without prejudice. *See* [*id.* at 20].

In so doing, the court noted an uncertainty in relevant Circuit-court authority with respect to the proper procedural mechanism to join the patent owner to this case. *See* [*id.* at 17 (noting that while the Federal Circuit has suggested Rule 19 is the proper mechanism for joining a patentee as a plaintiff, the Tenth Circuit has suggested that Rule 19 is not a tool for plaintiffs)]. But because the issue was not before the court, the court declined to "pass on or advise Plaintiff as to the proper method for joining the patent owner in this lawsuit." [*Id.*]. Accordingly, the court ordered Plaintiff to "file appropriate

3

papers to add the patent owner to this lawsuit within 30 days of the date of [the court's] Order." [*Id.*].  The court expressly advised Plaintiff that "this directive [did] not equate to a grant of leave to amend its Amended Complaint," and "[s]hould Plaintiff now, or in the future, seek to amend its Amended Complaint in conjunction with or in addition to filing appropriate papers to add the patent owner to the lawsuit, it must file an appropriate motion under the Federal Rules of Civil Procedure." [*Id.*].  The court advised Plaintiff that the failure to file appropriate papers to add the patent owner to this lawsuit within 30 days "may lead to dismissal of this action." [*Id.*].

On March 2, 2022—Plaintiff's deadline to join the patent owner—Plaintiff filed an amended pleading unaccompanied by any motion.  *See* [Doc. 68].  The court struck the filing for failure to comply with the Federal Rules of Civil Procedure and an order of this court, as Plaintiff had already used its one amendment as a matter of right under Rule 15 and the court had expressly advised Plaintiff that if it sought to amend its operative pleading, it must file a motion to do so.  *See* [Doc. 70].  The court ordered Plaintiff to file appropriate papers to add the patent owner no later than March 7, 2022.  [*Id.*].

Plaintiff filed the instant Motion on March 8, 2022.  [Doc. 75].  The Motion contains no argument or substantive legal analysis.  *See generally* [*id.*].  Instead, it states only that "Plaintiff now seeks leave to file appropriate papers to add the patent owner as a party to this lawsuit." [*Id.* at 2].  AFG responded to the Motion in opposition the next day.  *See* [Doc. 77].  Plaintiff did not file a reply in support of its Motion, and the time to do so has lapsed.  Accordingly, the Motion is ripe for Recommendation, and the court addresses the propriety of Plaintiff's requested amendment below.

**LEGAL STANDARD**

Typically, when a motion to amend is filed after the expiration of the deadline for joinder of parties or amendment of pleadings, the court proceeds pursuant to a two-step inquiry. First, the court reviews whether the moving party demonstrates good cause for amendment pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, which provides that a Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Assoc.*, 771 F.3d 1230, 1242 (10th Cir. 2014); *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990). Next, the court weighs whether the amendment should be allowed pursuant to Rule 15(a). *Gorsuch*, 771 F.3d at 1242.

Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch*, 771 F.3d at 1240 (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)). To that end, "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). The party seeking an extension is normally expected to show at least good faith on its part and some reasonable basis for not meeting the deadline. *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995).

By contrast, Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The court may refuse leave to amend upon a

showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). A general presumption exists in favor of allowing a party to amend its pleadings, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), and the non-moving party bears the burden of showing that the proposed amendment is improper. *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv. Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). Whether to allow amendment is within the trial court's discretion. *Burks v. Okla. Publ'g Co.*, 81 F.3d 975, 978-79 (10th Cir. 1996).

## ANALYSIS

Plaintiff moves to amend its Amended Complaint pursuant to Rule 15(a), but offers no argument in support, and does not mention Rule 16(b). [Doc. 75]. AFG argues that the Motion should be denied because (1) Plaintiff has not established good cause for amendment of the Scheduling Order pursuant to Rule 16(b); (2) amendment is inappropriate under Rule 15(a) because the proposed amendment would "cause undue delay in this lawsuit and undue prejudice to AFG;" and (3) a motion to amend is an improper mechanism to add a plaintiff to this case, and thus, "Plaintiff has not used a proper mechanism for trying to add parties as plaintiff patent owners." [Doc. 77 at 1].

***Timeliness of the Motion***. First, the court addresses the timeliness of Plaintiff's Motion. As explained above, on January 31, 2022, this court ordered Plaintiff to file appropriate papers to add the patent owners to this lawsuit within 30 days of this court's order—i.e., no later than March 2, 2022. [Doc. 60 at 17]. The court expressly advised Plaintiff that if it sought to add the patent owner by amending its Amended Complaint, a

6

motion to amend would be required. [*Id.*]. On March 2, 2022, Plaintiff filed an amended pleading without any accompanying motion, in contravention of the court's order. [Doc. 68]. This court struck the amended pleading and reiterated that, if Plaintiff seeks to amend its Amended Complaint, it must file a motion to do so that complies with the Federal Rules. [Doc. 70]. The court extended Plaintiff's deadline to file appropriate papers to add the patent owner to March 7, 2022. [*Id.*].

Plaintiff's Motion to Amend was filed at 1:08 a.m. Mountain Standard Time on March 8, 2022. The Motion is thus untimely. *See* Fed. R. Civ. P. 6(a)(4)(A); *see also Jaax v. Chrysler Fin. Servs. Americas LLC*, No. CIV. A. 08-2490-KHV, 2009 WL 4907054, at *3 (D. Kan. Dec. 11, 2009) (a motion filed just one minute after midnight after due date is untimely). Rule 6 provides that "[w]hen an act may or must be done within a specific time, the court may, for good cause, extend the time . . . on motion after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).[3] Thus, "a post-deadline extension **must be** 'upon motion made,'" *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 873 (1990) (emphasis altered), and a party seeking an extension of a deadline after the deadline has expired must show both good cause and excusable neglect. *Sanders v. Progressive Preferred Ins. Co.*, No. 2:21-cv-00146-JCB, 2021 WL 5770235, at *2 (D. Utah Dec. 6, 2021).

Plaintiff has not sought leave of court to file an untimely motion, *see generally* [Doc. 75], and has thus not demonstrated good cause for any extension or that the failure to file

---

[3] The Rule also provides that the court may, "with or without motion or notice," extend a deadline for good cause so long as the court acts, or the request for an extension is made, before the original deadline expires. Fed. R. Civ. P. 6(b)(1)(A). Plaintiff did not move for an extension of the deadline and the deadline has expired; thus, this provision is inapplicable here.

a timely motion was due to excusable neglect. The failure to establish good cause or excusable neglect necessitates denial of any requested extension of time, *Guy v. Jorstad*, No. 12-cv-01249-RM-KMT, 2015 WL 5214598, at *2 (D. Colo. Sept. 8, 2015), and the untimeliness of a motion is alone a sufficient basis to deny the motion without reaching the merits. *See Torres-Vallejo v. CreativExteriors, Inc.*, No. 15-cv-02832-WJM-CBS, 2016 WL 6893149, at *1 (D. Colo. Nov. 23, 2016); *see also United States v. Goodman*, No. 11-cv-00274-RBJ-MEH, 2012 WL 3150534, at *10 (D. Colo. June 12, 2012), *report and recommendation adopted*, 2012 WL 3155824 (D. Colo. Aug. 2, 2012), *aff'd*, 527 F. App'x 697 (10th Cir. 2013) ("Clearly, Goodman failed to comply with this Court's order setting deadlines by filing his motion for summary judgment out of time and making no effort to seek leave to do so, and the Court would be justified in striking the motion as untimely."). Accordingly, the Motion to Amend may be denied on this basis alone.[4]

**The Applicable Federal Rules**. Next, the court turns to AFG's argument that the Motion to Amend should be denied because it fails to raise arguments under the applicable Federal Rules of Civil Procedure. *See* [Doc. 77 at 1-2, 6-7]. First, AFG argues that because the Motion to Amend does not address either Rule 19 or 21 of the Federal

---

[4] The court acknowledges that Plaintiff's delay was short—one hour—and arguably had a negligible impact on these proceedings. *See Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (in assessing whether neglect is excusable, the court considers the danger of unfair prejudice to the opposing party, the length of the delay and impact on the proceeding, the reason for the delay, and whether the party seeking an extension acted in good faith). Nevertheless, Plaintiff's untimely filing occurred after Plaintiff disregarded an order of this court and the court permitted Plaintiff additional time to comply with the court's order. *See* [Doc. 70]. The court notes that it has, on multiple occasions, admonished Plaintiff and counsel for failure to comply with court orders, the Local Rules, and the Federal Rules of Civil Procedure, *see, e.g.*, [Doc. 14; Doc. 37 at 8; Doc. 70], and has found that Plaintiff has lacked diligence in prosecuting this case in other contexts. *See* [Doc. 71 at 9-12].

Rules of Civil Procedure, "[a]ppropriate motion papers were not filed" to add the patent owner, as ordered by the court. [*Id.* at 2]. For this reason, AFG maintains that the court "should deny the Motion without further leave to make any other attempt to add any patent owners as parties." [*Id.*]. In addition, AFG argues that the Motion should be denied for failure to establish good cause for amendment under Rule 16(b). [*Id.* at 1, 7].

As discussed in the court's earlier Order, while the Federal Circuit in *Lone Star* suggested that Rule 19 is the appropriate Federal Rule under which to add a patent owner to an infringement case, *see* 925 F.3d at 1237, the Tenth Circuit has "decided [that] Rule 15(a) governs the addition of a party." *U.S. ex rel. Precision Co. v. Koch Indus., Inc.*, 31 F.3d 1015, 1018 (10th Cir. 1994) (citing *Frank*, 3 F.3d at 1365). Some courts have determined that "when a court is faced with a motion to amend that seeks to join additional plaintiffs, the court must consider not only the liberal amendment provisions of Rule 15(a), but also" the applicable joinder rules. *See, e.g.*, *Johnson v. Kraft Foods N. Am., Inc.*, No. 05-2093-JWL-DJW, 2006 WL 8429267, at *1 (D. Kan. Apr. 3, 2006); *Prather v. First Student Inc.*, No. 18-cv-02178-CM-GEB, 2018 WL 6659614, at *2 (D. Kan. Nov. 21, 2018), *report and recommendation adopted*, 2019 WL 424185 (D. Kan. Feb. 4, 2019); *FidoTV Channel, Inc. v. Inspirational Network, Inc.*, No. 18-cv-02295-CMA-NYW, 2019 WL 4043940, at *3 (D. Colo. Apr. 29, 2019), *report and recommendation adopted*, 2019 WL 2950153 (D. Colo. July 9, 2019); *Davis v. Dep't of Corr.*, No. 2:20-cv-327-WKW, 2021 WL 1343054, at *1 (M.D. Ala. Apr. 9, 2021).

Plaintiff's Motion does not address the joinder rules, provide any argument, or cite any authority addressing the relevant standards for joining the patent owner to this lawsuit. *See generally* [Doc. 75]. The court previously declined to pass on the proper

9

method for joining the patent owner to this lawsuit, *see* [Doc. 60 at 17], and declines to do so here. The court further expressly advised Plaintiff that its Order should not be read as a grant of leave to amend its Complaint. [*Id.*]. Instead, this court specifically stated "[s]hould Plaintiff now, or in the future, seek to amend its Amended Complaint in conjunction with or in addition to filing appropriate papers to add the patent owner to the lawsuit, it must file an appropriate motion under the Federal Rules of Civil Procedure." [*Id.*]. It is not the court's obligation to conduct legal research on behalf of or construct legal arguments for Plaintiff. *United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001).

To be sure, "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman*, 371 U.S. at 181-82 (quotation omitted); *see also* Fed. R. Civ. P. 1 (the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). With that said, Plaintiff's failure to present any substantive argument in support of its Motion—even after this court noted the apparent conflict in authority and implied that Plaintiff would be required to ensure its upcoming motion was procedurally proper—renders Plaintiff's Motion deficient. *Cf.* Fed. R. Civ. P. 7(b)(1)(B) (a motion must "state with particularity the grounds for seeking the order"); *cf. Webb v. Swensen*, No. 1:14-cv-00148-DB-DBP, 2016 WL 3102202, at *1 (D. Utah May 6, 2016), *report and recommendation adopted*, 2016 WL 3129130 (D. Utah June 2, 2016), *aff'd*, 663 F. App'x 609 (10th Cir. 2016) (recommending denial of a motion to amend which contained "no attempt to justify [the]

proposed amendment"). Despite its admonition that the January 31, 2022 Order did not "equate to a grant of leave to amend its Amended Complaint," *see* [Doc. 60 at 17], Plaintiff's Motion—which includes only one page of substantive text and no actual argument in favor of amendment—is essentially a request to amend as a matter of right. As this court has previously advised Plaintiff, [Doc. 70], Plaintiff cannot do so. And absent any substantive argument, the court does not address whether amendment would be warranted under Rules 16(b)(4) or 15(a). *See Phillips v. Calhoun*, 956 F.2d 949, 953 (10th Cir. 1992) (a court need not consider a position that "has not been even minimally supported by legal argument or authority"); *cf. Gorsuch*, 771 F.3d at 1242 ("Having concluded [the moving parties] lacked good cause to amend their pleadings after the scheduling order deadline, we need not reach the Rule 15(a) issue, and decline to do so.").

This court has previously admonished the Parties in this case that "the Local Rules of Practice for this District require that all motions must 'be supported by a recitation of legal authority,' . . . and that undeveloped arguments lacking analysis or citations to legal authority are generally deemed waived." [Doc. 60 at 17 (quoting D.C.COLO.LCivR 7.1(d); citing *LNV Corp. v. Hook*, No. 14-cv-00955-RM-HR, 2018 WL 10245906, at *2 (D. Colo. June 21, 2018))]; *see also Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (a court may decline to consider arguments inadequately presented); *Est. of Papadakos v. Norton*, 663 F. App'x 651, 657 n.4 (10th Cir. 2016) (a "single sentence" is insufficient to adequately brief an issue). Plaintiff had ample notice that should it seek to amend its Amended Complaint, it would be required to file a motion that complies with the Federal Rules. [Doc. 60 at 17]. Instead, Plaintiff disregarded a court order, requiring the court to

11

expend its limited judicial resources to further instruct Plaintiff of the court's requirements, and then filed an untimely motion that fails to comply with the Federal Rules and which contains no legal argument. For all of these reasons, the court respectfully **RECOMMENDS** that the Motion to Amend be **DENIED**.[5]

## CONCLUSION

For the reasons stated herein, this court respectfully **RECOMMENDS** that:

(1) Plaintiff's Motion for Leave to File Second Amended Complaint FRCP Rule 15 [sic] [Doc. 75] be **DENIED**.[6]

---

[5] This court does not pass on whether the Motion to Amend should be denied with or without prejudice, reserving such determination for the presiding judge. However, the court simply notes that Plaintiff has already filed an Amended Complaint as a matter of right, [Doc. 30; Doc. 32], and that this court expressly instructed Plaintiff that it would need to file a motion should it seek leave to amend after its ruling on AFG's Motion to Dismiss, [Doc. 60 at 17], which Plaintiff disregarded, see [Doc. 68], and which required this court to again instruct Plaintiff to comply with the Federal Rules and an order of the court. [Doc. 70].

[6] Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings of fact, legal conclusions, and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. 2121 E. 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings of fact, legal conclusions, and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings of fact, legal conclusions, and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (holding that the district court's decision to review magistrate judge's recommendation *de novo* despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of magistrate judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate judge's ruling by failing to file objections). *But see Morales-*

DATED:  April 5, 2022

BY THE COURT:

                 */s/ Nina Y. Wang*
Nina Y. Wang
United States Magistrate Judge

---

*Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).